IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA GREEN                                           PLAINTIFF

vs.                       Civil No. 4:08-cv-04088

MICHAEL J. ASTRUE                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Linda Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed her disability applications on June 15, 2005. (Tr. 69, 406). Plaintiff alleged she was disabled due to "bleeding for 1 ½ months" and "female trouble." (Tr. 151). At the administrative hearing on January 30, 2007, Plaintiff also alleged she was disabled due to rheumatoid arthritis, back pain, leg pain, neuropathy, diverticulitis, and depression. (Tr. 428-435).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

Plaintiff originally alleged an onset date of July 18, 2003. (Tr. 69, 406). At the administrative hearing on January 30, 2007, Plaintiff amended her alleged onset date to August 26, 2005. (Tr. 11, 444). These applications were initially denied on September 9, 2005 and were denied again on reconsideration on January 19, 2006. (Tr. 403-404).

On January 25, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 29). This hearing request was granted, and a hearing on this matter was held on January 30, 2007 in Texarkana, Arkansas. (Tr. 420-448). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009)[2], and had completed some college. (Tr. 424).

On June 16, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 11-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her amended alleged onset date. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, diverticulitis, degenerative changes at L4-5 with disc narrowing and mild posterior disc bulge, and diverticulosis of the colon. (Tr. 19, Finding). However, the ALJ also found Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her

---

[2] By the date of the ALJ's decision, Plaintiff had turned fifty (50) years old and was reclassified as a person "closely approaching advanced age." (Tr. 19, Finding 7).

RFC. (Tr. 11-20). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> The claimant has the residual functional capacity to perform work-related activities except for work involving lifting more than 20 pounds.

(Tr. 19, Finding 5).

The ALJ then considered whether Plaintiff retained the RFC to perform her Past Relevant Work ("PRW"). (Tr. 19). After reviewing the record and hearing testimony, the ALJ determined Plaintiff's RFC did not preclude her from performing her PRW as a cashier and cleaner's worker (laundry). (Tr. 19, Finding 6). The ALJ found this determination was supported by the record and was also supported by the testimony of the VE. (Tr. 20, Finding 10). Based upon this determination, the ALJ found Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 20, Finding 11).

On June 20, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). With this request, Plaintiff claimed the following: "the decision of the administrative law judge is not supported by the medical evidence." *See id.* *See* 20 C.F.R. § 404.968. On August 28, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-5A). On September 25, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 1, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by improperly discounting her subjective complaints of disabling pain and (B) the ALJ erred by providing no rationale to support his conclusory statement that Plaintiff did not suffer from a listed impairment. (Doc. No. 7, Pages 6-10). In response, Defendant argues that substantial evidence supports the ALJ's credibility determination and that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal a Listing. (Doc No. 8, Pages 4-12). This Court will address both of Plaintiff's arguments.

    **A.**    **Credibility Determination**

Plaintiff claims the ALJ erred in assessing her subjective complaints. (Doc. No. 7, Pages 6-

9). Plaintiff claims her diagnosed medical problems of degenerative back problems, rheumatoid arthritis, dysthymia, panic disorder, and borderline personality disorder are consistent with her subjective complaints. *See id.* Plaintiff also argues that the fact she had been prescribed "strong prescription medications" supports her subjective complaints. *See id.* In response, Defendant argues that the findings from Plaintiff's medical records are inconsistent with her subjective complaints and that the ALJ's credibility is entitled to deference. (Doc. No. 8, Pages 4-12).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ's credibility determination is entitled to deference and should be affirmed. In his opinion, the ALJ fully analyzed the *Polaski* factors and then noted the following: (1) despite her subjective complaints of disability, Plaintiff was able to function on a day-to-day basis and perform normal activities such as "bathe, dress, shave, and do her own hair care without assistance." She could also "do laundry, dishes, change sheets, vacuum, sweep, take out trash, and shop for groceries and clothes"; (2) Plaintiff reported recently taking a number of different medications, but Dr. Sharma, M.D. noted that not all of her prescription bottles were recent and some dated back to 2004; (3) Plaintiff had a hysterectomy in 2004 which relieved a number of her symptoms, and Plaintiff exhibited only exhibited "minimal symptomatology which was well controlled with medications"; and (4) Plaintiff's treatment records for her claimed dysthymia, panic attacks, and borderline personality disorder support her claim she suffered from some level of depression but do not establish "aggressive intervention by mental health professionals." (Tr. 12-17).

Because the ALJ evaluated the *Polaski* factors and provided "good reasons" for discounting Plaintiff's subjective complaints, this Court affirms the ALJ's credibility determination. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination").

Furthermore, despite Plaintiff's claims to the contrary, the simple fact Plaintiff was diagnosed with degenerative back problems, rheumatoid arthritis, dysthymia, panic disorder, and borderline personality disorder does not establish that all of her subjective complaints are credible. Absent a showing that Plaintiff's impairments meet or equal the requirements of one of the Listings, the mere existence of these impairments or diagnoses does not establish a *per se* disability. *See Dunlap v. Harris,* 649 F.2d 637, 638 (8th Cir. 1981) (holding that the "mere existence, however, of mental disturbance is not per se a disability within the meaning of the Act."). Accordingly, this Court will not find that Plaintiff is disabled and her subjective complaints are credible based upon the simple fact that she has been diagnosed with several different impairments.

Plaintiff also claims that "it is highly unlikely that multiple medical professionals would have prescribed such strong prescription medications as Prednisone, Zoloft, Lyrica, and Flextra had Ms. Green not genuinely suffered from her diagnosed impairments" (Doc. No. 7, Page 8). Although this claim may have some merit, these prescriptions alone do not establish that Plaintiff's subjective complaints are credible or that she was even compliant in taking her medications. Notably, as found by Dr. Sharma on April 2, 2007, although Plaintiff reported currently taking those four medications, her medication bottles for Zoloft dated back to May of 2004, her medication bottle for Lyrica dated back to August of 2006, and Flextra dated back to April of 2006. (Tr. 298). Therefore, even though these prescriptions lend some support for Plaintiff's subjective complaints, they do not merit

8

reversing the ALJ's credibility determination when that determination is entitled to deference.

    **B.**    **Listing of Impairments**

Plaintiff claims the ALJ's disability determination "is not supported by substantial evidence because it does not contain any rationale supporting its conclusory statement that Ms. Green did not suffer from a listed impairment." (Doc. No. 7, Pages 9-10). Plaintiff claims that because "the ALJ wholly failed to provide any discussion or explanation at step three in its hearing decision," this case must be reversed and remanded. *See id.* In support of her claim, Plaintiff cites cases from the Third, Tenth, and Ninth Circuit Courts of Appeals, which she claims require the ALJ to "discuss the evidence and explain the reasons why the claimant's impairments do not meet or equal a listed impairment." *See id.*

However, the Eighth Circuit Court of Appeals does not impose the same requirements as those circuits. To the contrary, the Eighth Circuit has repeatedly held that while it is preferable for an ALJ to address a specific Listing, the ALJ's failure to do so is not reversible error if the record supports the ALJ's overall conclusion. *See Karlix v. Barnhart,* 457 F.3d 742, 746 (8th Cir. 2006) (holding that "[t]he fact that the ALJ did not elaborate on this conclusion does not require reversal, because the record supports her overall conclusion"). Therefore, this Court will not reverse and remand Plaintiff's case based upon her bare claim that the ALJ erred by failing to further address the Listings.

Had Plaintiff made some showing that her impairments, singularly or in combination, met the requirements of the Listings, this Court might have further addressed this issue. However, no such showing has been made. (Doc. No. 7). Therefore, this Court will not further address this issue. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand

Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of October, 2009.**

>  /s/   Barry A. Bryant
>  HON. BARRY A. BRYANT
>  U.S. MAGISTRATE JUDGE